**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 14, 2011, which may be different from its entry on the record.**

**IT IS SO ORDERED.**




**Dated: February 14, 2011**

**Arthur I. Harris**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 10-21313 |
| | ) | |
| WILLIAM WARREN INGRAM, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the debtor's motion seeking recusal of the undersigned judge (Docket #76). For the reasons that follow, the motion is denied.

FACTUAL AND PROCEDURAL BACKGROUND

*Petition and Dismissal*

On November 17, 2010, William Ingram ("debtor") filed a voluntary petition *pro se* under Chapter 7, Case No. 10-21313. On November 18, 2010, the debtor filed a Certificate of Counseling indicating that the counseling session was

---

[1] This opinion is not intended for official publication.

completed on November 18, 2010, – *i.e.*, postpetition. At a hearing on a creditor's motion for relief from stay held on December 16, 2010, the debtor represented to the Court that the certificate was incorrect and that he actually completed the counseling session before he filed his bankruptcy case at 4:00 pm on November 17, 2010. On December 17, 2010, the Court issued an order to show cause why the debtor's case should not be dismissed pursuant to 11 U.S.C. § 109(h) and directed the U.S. Trustee's office to make inquiries to the credit counseling agency to ascertain the actual status of the debtor's credit counseling progress as of the date of the filing of the petition.

Following an investigation by the U.S. Trustee into the facts surrounding the filing of the debtor's petition and certificate of credit counseling, the U.S. Trustee filed a motion to dismiss pursuant to 11 U.S.C. §§ 1307(c) and 109(h). At the hearing on the motion to dismiss on January 20, 2011, the U.S. Trustee represented to the Court that although the debtor completed the online portion of his counseling on November 17, 2010, he did not complete the telephone component until November 18, 2010. On January 21, 2011, the Court dismissed the case on the trustee's motion. The debtor subsequently filed a motion to reconsider, and the U.S. Trustee filed an objection. On February 3, 2011, the Court held a hearing on the motion to reconsider, at which the debtor appeared. The Court explained that if

the credit counseling agency misled the debtor into believing he had completed the class timely, the agency might be required to reimburse the debtor's costs, but that would not change the debtor's failure to comply with 11 U.S.C. § 109(h). On February 8, 2011, the Court denied the motion to reconsider dismissal.

*Motion for Relief From Stay*

After the debtor filed his *pro se* bankruptcy case, creditor Allen Davis, the owner of the property where the debtor resides, filed a *pro se* motion seeking relief from stay so that Davis could resume eviction proceedings against the debtor in state court. The Court heard argument on Davis's motion on an expedited basis on December 16, 2010. After the initial hearing, the Court ordered the debtor to promptly deposit with the Court $2,500, which the Court estimated was the amount needed to cure the debtor's default on his purported rent-to-own contract with Davis. On December 17, 2010, the debtor deposited the required funds. On January 6, 2011, the Court heard further argument from Davis and the debtor on the motion for relief from stay, after which the Court took the matter under advisement. Specifically, the undersigned judge stated at the January 6, 2011, hearing "I am going to take this under advisement. I am going to review the file. I want to think about this a little bit more."

On January 13, 2011, the Court issued a memorandum of opinion granting

relief from stay. (Docket #53). On January 20, 2011, the debtor filed an objection to the Court's memorandum of opinion, and on January 21, 2011, he filed a motion to vacate the order granting relief from stay. On February 3, 2011, the Court entertained the debtor's argument on the motion to vacate. On February 8, 2011, the Court denied the motion.

*Notice of Appeal, Motions for Recusal and Stay Pending Appeal*

On February 4, 2011, the debtor filed a notice of appeal of the Court's order and memorandum granting relief from stay. On February 9, 2011, the debtor filed a motion seeking recusal of the undersigned judge pursuant to 28 U.S.C. § 455. The motion seeks recusal based on the debtor's assertion that bias or prejudice affected the undersigned judge's decisions granting relief from stay and dismissing the case pursuant to § 109(h). On February 10, 2011, the debtor filed a motion for stay pending appeal, and on February 14, 2011, the U.S. Trustee filed an objection. The motion for stay pending appeal is set for hearing on February 17, 2011.

DISCUSSION

Section 455 of Title 28 of the United States Code provides in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings.

*Judge Whose Impartiality Is Being Questioned Is Responsible for Deciding the Issue in the First Instance*

"Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985). *Accord Green v. Nevers*, 111 F.3d 1295, 1303 (6th Cir. 1997) (judge not required to transfer recusal motions to another judge); *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994) (responsibility for deciding § 455 recusal motion lies solely with judge to whom motion is directed); *In re Medrano Diaz*, 182 B.R. 654, 659 (Bankr. D.P.R. 1995) ("[A] judge whose impartiality is being questioned is responsible for deciding the issue in the first instance."), *aff'd*, 204 B.R. 842 (D.P.R. 1996), *aff'd*, 121 F.3d 695 (1st Cir. 1997) (table).

*Standard For Recusal Under Section 455*

As the Sixth Circuit noted in *Union Planters Bank v. L & J Development Co.*, 115 F.3d 378, 383 (6th Cir. 1997):

> Pursuant to § 455(a), a judge must recuse himself or herself "where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." This statute is designed "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Accordingly, "[w]here the question is close, the judge must recuse himself."

(citations omitted). "Because the standard is objective, the judge need not recuse

himself based on the subjective view of a party." *Scott v. Metropolitan Health Corp.*, 234 Fed.Appx. 341, 354 (6th Cir. 2007).

Disqualification under § 455 generally must be predicated upon extrajudicial conduct rather than on judicial conduct. *See, e.g.*, *Green v. Nevers*, 111 F.3d at 1303-04. As Justice Scalia explained at length in writing for the Supreme Court in *Liteky v. United States*, 510 U.S. 540, 550-56 (1994):

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: "Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.
>
> . . . [An extrajudicial source] is not the *exclusive* reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment.
>
> . . . .
>
> . . . It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding

> comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration--even a stern and short-tempered judge's ordinary efforts at courtroom administration--remain immune.

(citations omitted) (emphasis in original). *See also Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (" 'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases."); *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990) (same); *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 164-65 (6th Cir. 1984) (bankruptcy judge did not demonstrate bias such as to warrant his disqualification).

*Application of Recusal Standard to the Debtor's Motion in this Case*

In the present case, the debtor's motion for recusal is based almost entirely

upon expressions of attitude or opinion made from the bench or in the Court's written rulings. These are precisely the types of ruling that the Supreme Court and the Sixth Circuit have said almost never constitute a valid basis for a bias or partiality motion. They may be proper grounds for appeal but not for recusal. *See Liteky*, 510 U.S. at 555.

Nor do any of the specific examples cited in the debtor's motion provide any indication of a deep-seated favoritism or antagonism that would make fair judgment impossible. For example, the debtor cites the Court's written memorandum of opinion granting relief from stay as being contradictory to the Court's statements on the record that the motion was to be denied. These contradictory conclusions, the debtor asserts, have prejudiced the debtor or shown bias. Notwithstanding that the debtor is incorrect in his conclusion that the motion for relief from stay was denied on January, 6, 2011, when actually it was taken under advisement, the debtor's motion provides no evidence of extra-judicial conduct evidencing bias or prejudice. The Court seriously considered and analyzed each and every one of the debtor's motions and objections and even requested investigation into the facts surrounding the credit counseling briefing session instead of simply dismissing the case without inquiry. Nothing in the Court's actions or written opinions surrounding this case provides evidence of

prejudice or bias.

The debtor also asserts that he did not get a fair trial because Mr. Davis was not required to appear in defense of the motion to vacate and objection to the memorandum of opinion. He concludes that because his objection to the court's memorandum of opinion was unopposed and Mr. Davis did not appear to defend, the order granting relief from stay should have been vacated. The debtor's legal and factual conclusions are incorrect. A motion may be denied, absent any objection, if there is no legal basis to grant the motion.

In short, nothing in the debtor's motion suggests that a reasonable person would conclude that the judge's impartiality might reasonably be questioned or that the judge has a personal bias or prejudice that merits recusal under 28 U.S.C. § 455 and applicable case law.

## CONCLUSION

For the foregoing reasons, the debtor's motion for recusal (Docket #76) is denied.

IT IS SO ORDERED.